## HARVEY v. GUIRAUD.

JURY TRIAL — CONFLICT OF EVIDENCE.— If there be conflict in the proofs, and the verdict is not such as to strongly indicate that the jury must have been actuated by improper motives, or must have misunderstood the evidence, or misconceived its scope and effect, the supreme court will not interfere.

*Appeal from District Court of Chaffee County.*

THIS action was brought by Marie Guiraud against John Harvey to recover a balance of $764.90, claimed to be due under a verbal contract for a quantity of hay. Plaintiff also, as a second cause of action, averred a further demand of $200, being the amount remaining due her from defendant upon an accepted order.

The answer denied all indebtedness, alleging payment

in full of the accepted order and a failure of plaintiff to comply with her contract regarding the hay, whereby defendant was damaged.  It also averred an overpayment to plaintiff of $150 by mistake, and a counter-claim of $86.85 for freight charges advanced in behalf of plaintiff.

The cause was tried to a jury, and plaintiff recovered the full amount of her demands, the claims of defendant being disallowed.

The remaining facts sufficiently appear in the opinion.

Messrs. CHAS. CAVENDER and J. M. T. RHETT, for appellant.

Messrs. BAILEY & WILKIN, for appellee.

CHIEF JUSTICE HELM delivered the opinion of the court.

Counsel for appellant insist that the jury were instructed to return a special finding stating whether or not portions of the hay, which is the principal subject-matter of this controversy, were wet before shipment, being, while in that condition, loaded into water-tight cars; and it is argued that the failure to return this special finding was error calling for a reversal.  But counsel are mistaken in their assumption.  No portion of the charge directs or requires such a special finding, though the point is included in a general instruction.

This disposes of the specific objection, but we do not think it can be correctly maintained that the jury may have failed to consider the matter.  After returning a general verdict awarding plaintiff the $200 claimed through the second cause of action averred in the complaint, the jury returned two special findings relating to the first cause of action.  The second of these findings is, in effect, equivalent to a finding adverse to defendant upon the subject of damage to the hay by being packed while wet in water-tight cars.  The verdict returned

fairly covers the issues submitted and determines the controversy.

The remaining objections argued relate to the contract under which the hay mentioned in the first cause of action was sold and delivered; the disputed matters in connection therewith having reference to the quality, condition and place of delivery. Harvey, who was defendant below, by Grimes, his authorized agent, made a verbal agreement for the purchase of the hay in question. Plaintiff asserts that this agreement contained no specification requiring the hay to be " good and marketable," but that, on the contrary, it was carefully inspected by Grimes at the time of the purchase, and was contracted for as he found it. Plaintiff further maintains that she was to deliver the same on the cars at Garo, a railway station near her ranch, instead of Leadville, where defendant resides. Defendant takes issue with plaintiff, and stoutly denies the correctness of her statement of the contract in these particulars, and upon the issues of fact thus made there is direct conflict in the evidence. But the testimony of plaintiff relating thereto is supplemented by the testimony of her son Louis, and also aided somewhat by that of other witnesses; while the proofs of defendant consist mainly of the testimony of Grimes, with slightly corroborating circumstances appearing through correspondence between plaintiff and defendant.

Upon the assertion of defendant that, after purchase and during the processes of baling and delivery, the hay was allowed by plaintiff to become wet, and while in that condition was packed into water-tight cars, there is also serious conflict of evidence. The same is likewise true of the proofs relating to the balance of $200 claimed by plaintiff from defendant upon the accepted order.

It does not appear that in any of these particulars the verdict is clearly in conflict with the decided weight of evidence. On the contrary, in some respects the preponderance thereof seems to be on the side of plaintiff.

Such being the condition of the record, a disturbance of the verdict and judgment by us, upon the grounds presented, would be unwarranted. We cannot say that the jury must have been actuated by improper motives, or must have misunderstood the evidence, or misconceived its scope and effect.

The judgment is accordingly affirmed.

*Affirmed.*